| UNITED STATES DISTRICT COURT | CASE NO. |
| EASTERN DISTRICT OF NEW YORK | |

RALPH G. POTENTE AND RICHARD J. JANKURA,

                PLAINTIFFS,

    -against-

                                                                                                 **VIOLATIONS OF THE**
                                                                                                     **TRUTH-IN-LENDING ACT**

**CAPITAL ONE, N.A.,**
**GREENPOINT MORTGAGE FUNDING, INC.,**
**NORTH FORK BANCORPORATION ,**                 **Jury Trial Demanded**

                DEFENDANTS.

## INTRODUCTION

1.      Plaintiff, demanding a trial by jury, brings this action against a mortgage lender, GREENPOINT MORTGAGE FUNDING, INC and its Successors and Assigns ("GREENPOINT" or "Defendant") for violation of the Truth in Lending Act, 15 U.S.C. §1601 ("TILA"), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. §226.

2.      Congress enacted TILA in 1968 to inform consumers about the cost of credits so they can make informed credit decisions and to protect themselves against unfair credit practices. 15 U.S.C. §1601 *et. seq*. To fulfill TILA's objectives, creditors must disclose credit terms and costs at the various stages of open and closed end credit transactions. *Id.*

3. Through TILA and its governing Regulation Z, Congress granted consumers the right to rescind a mortgage as a means to protect consumers from a lender's unscrupulous practices and inaccurate disclosures in connection with the mortgage lending process.

4. When an obligor mails a Notice of Rescission ("Notice"), the mortgage and note are automatically canceled by operation of law. The creditor immediately becomes obligated, within 20 days of the receipt of such Notice, to cancel the promissory note, to return any money or property that had been given to anyone in connection with the transaction and is required to take any action necessary to reflect the termination of the security interest, 15 U.S.C. §1635(b), or in the alternative, challenge the notice of rescission by separate lawsuit, within the same 20 day time period.

5. The signing of the Note and Mortgage occurred in 2005. Nevertheless, the loan was not consummated at that time, because the Plaintiff was induced into entering into the transaction by the misrepresentations and fraud of the Defendant, GREENPOINT MORTGAGE FUNDING.

6. The Plaintiff was informed by GREENPOINT MORTGAGE FUNDING that it had ordered and received an appraisal of the Potente Property in the amount of $ 2,300,000.00. The Plaintiff was not provided with a copy of the appraisal at the time.

7. On the basis of that appraisal, the Plaintiff believed that the loan would have been well secured and agreed to borrow from GREENPOINT the principal sum of $1,000,000, being 43% of the appraised value of the property.

8. The Plaintiff discovered in July, 2014 that the appraisal was grossly inflated, and that the actual fair market value of the property at the time of the execution of the Note and Mortgage was about $1,290,000. As a result, the loan was no longer secured by the value of the property.

9. The Plaintiff relied on the honesty of the Lender and the independent appraisal of Lighthouse Appraisals in agreeing to enter into the loan.

10. Had the Plaintiff known the true value of the property in 2005, he would never had agreed to the loan from GREENPOINT.

11. The Plaintiff now faces claims from CAPITAL ONE for repayment of the principal, which has severely damaged his personal and business credit standing and caused him great damage.

12. GREENPOINT knew that the appraisal was grossly inflated when it entered into the loan with the Plaintiff, but nevertheless it proceeded with the loan, because it knew it would not be at risk for any non-payment.

13. The misrepresentation of the value of the property to induce the Plaintiff into entering into the transaction constituted a fraud such that the Plaintiff was never obligated to repay the principal of the loan.

14. As a result, the loan was never consummated.

15. In 2006, NORTHFORK merged into CAPITAL ONE, taking its wholly-owned subsidiary, Greenpoint Mortgage with it to become a wholly-owned subsidiary of CAPITAL ONE.

16. In the current matter, the GREENPOINT MORTGAGE FUNDING, INC (GREENPOINT) and CAPITAL ONE, N.A. violated the Truth-In-Lending Act in regard to Plaintiff's mortgage. In June of 2015, Plaintiff mailed a Notice of Rescission to Defendants CAPITAL ONE, N.A., and GREENPOINT MORTGAGE FUNDING, INC., which said Defendants have ignored. Accordingly, Plaintiff files this Complaint demanding a declaratory judgment confirming the rescission of the Note and Mortgage, declaring any pending or future foreclosure and sale of the Plaintiff's residence void; return of all sums paid by the Plaintiff in connection with the transaction; the return of the original promissory note; Certificate of Discharge of the Note in recordable form, the original mortgage; a Satisfaction of Mortgage in recordable form; recording costs for the aforesaid filings in state court; attorneys fees and costs; and, all other remedies and relief which the court shall find just and equitable.

## JURISDICTION AND VENUE

17     This Court has subject matter jurisdiction under 28 U.S.C. §1331 (general federal question), §1337 (interstate commerce), and §1367 (supplemental jurisdiction) and 15 U.S.C. §1640 (Truth in Lending Act).

18     Plaintiffs, RALPH G. POTENTE AND RICHARD J. JANKURA ("Plaintiff") are residents of the State of New York, of majority age and obtained a mortgage loan secured by their residence at 47 Berry Hill Road, Oyster Bay, New York, and are thus "consumers" under TILA.

**19     GREENPOINT MORTGAGE FUNDING, INC** ("GREENPOINT"), was a "mortgage company" that had offices in New York for conducting business in this state. GREENPOINT principal offices were in 100 Wood Hollow Drive, Novato, CA. It was the original lender in the subject transaction. GREENPOINT was acquired by North Fork Bancorporation ("North Fork") in 2004. GREENPOINT became a subsidiary of North Fork and continued its lending operations. With the subprime mortgage crisis, GREENPOINT ceased all operations in 2007 and closed.

**20     CAPITAL ONE, N.A. ("CAPIAL ONE")** was the entity to which the note and mortgage that is the subject of matter of this action was allegedly transferred by merger with

North Fork Bank. North Fork's headquarters were located in Mattituck, New York, and it maintained a regional office in Melville, New York. **CAPITAL ONE** acquired North Fork effective in 2006, but it continued to operate its branches and lending operations under the North Fork name until 2008.

21  **CAPITAL ONE, N.A.,** as successor in interest to the original mortgagee**,** has its headquarters in Mclean, Virginia**.** It does business as a licensed mortgage banker in the State of New York and has offices in Melville, New York. Accordingly, it is a "creditor" subject to the requirements of the Truth In Lending Act (15 U.S.C. 1602(f)).

## CHAIN OF TITLE TO THE LOAN

22  GREENPOINT was the original lender of the subject mortgage loan to the Defendant. At the time Plaintiff secured a mortgage from GREENPOINT, GREENPOINT was doing business in the State of New York, with offices at 100 Wood Hollow Drive, Novato, CA. GREENPOINT offered various consumer products, including home mortgages, and was thus a "creditor" under TILA. (15 U.S.C. §1602(f)).

23  Upon information and belief, in 2006, the note and mortgage were transferred by operation of law as a result of the acquisition of GREENPOINT by North Fork and title to the note and mortgage continue in name of Greenpoint as a subsidiary of North Fork.

24  Upon the merger of NORTH FORK into CAPITAL ONE, NORTH FORK became a subsidiary of Capital One and retained ownership of the note and mortgage in that capacity. Capital One, as the 100% parent of North Fork, is effectively the owner of the note and mortgage as principal of North Fork, its subsidiary and agent. Capital One represents itself as the owner of the note and mortgage.

**FACTS - Details of the Loan**

25  On September 22, 2005, in connection with the refinance of his residential mortgage, Plaintiff executed a promissory note with GREENPOINT secured by a security interest on his residential home ("Potente Loan").

26  The Plaintiff had resided at the residence since 1997. The Potente Loan was obtained for personal, family or household purposes.

27  In connection with the Potente Loan, Plaintiff signed or received the following documents:

  i. A copy of the Note in favor of GREENPOINT, Exhibit A;

  ii. A Mortgage in favor of GREENPOINT, Exhibit B.

28      The defendant, Greenpoint, falsified several material documents in connection with the origination of the loan. In particular, the signature of Richard Jankura has been "affixed" to the Mortgage Loan Application" by false and fraudulent means, since Richard Jankura asserts that he never signed the Mortgage Application and the Pre-Closing Disclosure .

29      Further, the Plaintiffs allege that Greenpoint was not the true lender with regard to this loan, and the true identity of the lender has never been disclosed by the Defendants.

30      As a result of the foregoing, the loan has never been consummated and the Note and Mortgage are void.

31      Alternatively, because the identity of the true lender was not disclosed to the Plaintiffs at the time of the loan application, commitment or execution of the loan documents, the statute of limitations for the rescission of the loan documents has tolled and not expired.

32      By letter dated June 17, 2015, pursuant to the Federal Truth in Lending Law, Regulation Z, and Order of the U.S. Supreme Court in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790 (2015), Plaintiff advised the Defendants, CAPITAL ONE, N.A., GREENPOINT MORTGAGE FUNDING, INC., and the current mortgage servicer, Capital One Mortgage Servicing, LLC that he rescinded the loan secured by the mortgage against his premises. [Exhibit C]

33     The Plaintiff sent the June 17, 2015 letter to Defendants via USPS Certified Mail, which confirms Defendants were sent the mailing of the Notice of Rescission on June 17, 2015. [Exhibit D]. The mortgage transaction was therefore rescinded effective on the date of mailing.

34     Defendants, **CAPITAL ONE, N.A., and GREENPOINT MORTGAGE FUNDING, INC.** have failed to respond to the Plaintiff's Notice to Rescind as required by TILA, a direct TILA violation that affords Plaintiff the right to commence an action to: 1) compel the return of and cancellation of all documents regarding the Note and Mortgage; 2) declare the rescission; 3) compel the return of all monies expended by the Plaintiff on the transaction; 4) quiet title to the property; and, 5) seek damages. 15 U.S.C. §1640.

## COUNT I
## FRAUD IN THE FACTUM

35     The Plaintiffs repeat and reallege the facts contained in the preceding paragraphs of this Complaint.

36     As a consequence of the Defendants' failure to disclose the true lender of the funding for the instant loan, there was never a "meeting of the minds" as to the material elements of the loan.

37     Accordingly, the loan contract has never been consummated.

38      Therefore, the obligation of the Plaintiffs under the loan documents is void *ab initio* and unenforceable.

39      The Plaintiffs demand the return of all payments made to the Defendants and all other parties related to this transaction.

40      Plaintiffs further demand the payment of damages in an amount to be determined at trial for the harm done to Plaintiff Ralph Potente's business caused by the wrongful negative credit comments transmitted to the credit bureaus.

## COUNT II
## APPRAISAL FRAUD

The Plaintiffs repeat and reallege the facts contained in the preceding paragraphs of this Complaint.

41      The Appraisal upon which the loan was made was more than $1,000,000 higher than the actual value of the property, and nearly twice the property's value.

42      The Appraisal was inflated to justify the amount of the mortgage to the plaintiff's underwriters, and to increase the Defendant's income and asset value on the Defendant's books. The result was an artificial inflation of the value of the Defendants' corporate value, which led to

a greater value for the sale of the Defendant and the profit enjoyed by the shareholders of Defendants Greenpoint and North Fork Bank.

43  As a result, the loan is void and is hereby declared void by the Plaintiffs.

44  The loan is thereby unenforceable and hereby declared void.

## COUNT II
### Violation of The Truth-In-Lending Act, 15 U.S.C. §1640

45  The facts alleged in the preceding paragraphs are hereby realleged as though fully set out and incorporated by reference herein.

46  A borrower exercising his right of rescission under TILA need only provide written notice of such to the lender, which in turn, puts into effect strict liability compliance requirements against the original lender, that is, GREENPOINT, as well as its agents, successors and assigns, CAPITAL ONE, N.A., and North Fork. 15 U.S.C. §1635(a); *Jesinoski*, 135 S.Ct. at 792; *see also Rodash v. AIB Mortgage Co.*, 16 F.3d 1142, 1145, 1149 (11th Cir. 1994) ("TILA is a strict liability statute. Courts should continue to assure that consumers are accorded the full remedies available under the Act for violations found, even if they might seem technical.")

47  Pursuant to TILA and Regulation Z, once Plaintiff provided Defendants with his Notice of Rescission by placing the Notice of Rescission in the mail, the mortgage given as security for the loan was immediately void by operation of law and Plaintiff was no longer liable

for any amount, including finance charges, closing costs, points or fees. 15 U.S.C. §1635(b); 12 C.F.R. §226.15.

48      Further, once Notice of Rescission is given, the creditor must, within 20 days of receiving the Notice of Rescission, return any money or property that had been given to anyone in connection with the transaction and is required to take any action necessary to reflect the termination of the security interest. 15 U.S.C. §1635(b)("[w]ithin 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it.")

49      Consistent with his rights under TILA, Plaintiff further demanded the return of the cancelled, original wet-ink signed Note and all allonges, a Certificate of Cancellation of the Note, the discharged original wet-ink mortgage and all assignments, a Certificate of Satisfaction of Mortgage, verification of the disputed, averred to debt, an exact accounting of mortgage payments, and actual loan disbursement history on the Loan, documents which Defendants were required to return to Plaintiff within 20 days of receiving Plaintiff's Notice of Rescission. *Id.*

50      Also consistent with his rights under TILA, Plaintiff demanded a date, time and place where he could inspect his complete mortgage file and all assignments to any party

claiming any interest in his property, including all vendors or third parties that were party to the loan transaction. *Id.*

51	Pursuant to TILA, if the creditor objects to a mortgage loan rescission, the creditor must do so by commencing an action to challenge the rescission with 20 days of receipt of the Notice of Rescission. *Id.*

52	In the event the creditor fails to object to the rescission or, in the alternative, fails to return the Note and Mortgage and cancellation of documents, then the borrower may commence an action to compel the return of the documents, declare the rescission, quiet title to the property and, for damages. 15 U.S.C. §1640.

53	Here, Plaintiff sent his Notice of Rescission to Defendants via USPS Certified Mail, which confirms Defendants receipt of the Notice of Rescission on June 22, 2015. [Exhibit D]. Accordingly, the 20-day period to either object or tender the requested documents, ended on July 12, 2015. Plaintiff's tendering a Notice of Rescission to Defendants, Defendants failed to respond to Plaintiff's Notice of Rescission or object to Plaintiff's Notice of Rescission in the manner as required by TILA.

54	As of the date of this Complaint, Defendant has failed to acknowledge the Plaintiff's Notice of Rescission in the manner required by TILA.

55     As of the date of this Complaint, Defendant has failed to provide Plaintiff with the documents requested in conjunction with his Notice to Rescind, or return to Plaintiff any of the monies due to Plaintiff.

56     As of the date of this Complaint, Defendant has failed to provide Plaintiff with a date, time and location to inspect his mortgage file.

57     15 U.S.C. §1635(g) provides that in any action in which it is determined that a creditor has violated §1635, in addition to rescission, the court may award relief under 15 U.S.C. §1640 not relating to the right to rescind, which includes actual damages and attorney's costs and fees.

**COUNT III**

Injunctive Relief

58     The facts alleged in the preceding paragraphs are hereby realleged as though fully set forth and incorporated by reference herein.

59     Despite the Plaintiff's rescission of the transaction, the Defendants have persisted in the foreclosure of the mortgage that improperly encumbers the property.  The Defendant has commenced a foreclosure action against the Potente Property by the filing of a Summons and Complaint in the Office of the County Clerk of Nassau County against the Plaintiff's on March 16, 2016 under Index #16-002104.

60     The Plaintiff has maintained possession of the premises as his residence since 1997.

61     Plaintiff has been and will be seriously injured unless Defendant's foreclosure and actions to obtain possession of the property complained of are preliminarily and permanently enjoined, including an injunction of all activities to recover possession of the premises. Therefore, the Plaintiff seeks an injunction preventing the state court from proceeding with any action for foreclosure and sale of the property and issuing a warrant for the sheriff to seize possession of the premises.

62     Without an injunction or stay, Plaintiff will suffer irreparable injury of a continuing nature that cannot be adequately calculated or compensated in money damages, as he will be forced from his residence and home.

63     The issuing of an injunction, or stay, will maintain the status quo until the matter of Defendant's strict liability violation of TILA in regard to Plaintiff's home is adjudicated.

64     Plaintiff not only has a strong likelihood of success on the merits, but further, the balance of hardships tip strongly in Plaintiff's favor.

65     Plaintiff's likelihood of success on the merits is bolstered by the fact that the Truth-in-Lending Act is a strict liability statute, which Defendants violated by failing to acknowl-

edge Plaintiff's Notice of Rescission as required by the statute, instead choosing to threaten to proceed with the foreclosure of the mortgage.

66 The balance of hardships tip strongly in Plaintiff's behavior in that the hardship to Plaintiff should the court fail to issue a stay or injunction is the loss of possession of his home far outweighs the hardship to the Defendants is that of delaying the foreclosure of the mortgage and sheriff from physically evicting the Plaintiffs from their home and delaying the Defendant, a multi-billion dollar Wall Street Bank, from taking possession of Plaintiff's home.

*67* The courts have held that rescission is appropriate even years after the initial suit and settlement came before the court when the actions of the party benefiting from the settlement impaired the fairness and adequacy of the adjudication of the matter. *Alleghany Corp. v. Kirby,* 333 F.2d 327, 332 (2nd Cir. 1964) (settlement set aside because fair adjudication was impaired by party's withholding information).

68 Defendants' failure to acknowledge Plaintiff's Notice of Rescission, and indeed take deliberate action to disregard its duties under TILA, while proceeding with the foreclosure and sale of Plaintiff's residence, impairs the fairness and adequacy of the foreclosure proceedings themselves, given that Defendants, **CAPITAL ONE, N.A.** deny their obligation to comply with federal TILA laws by proceedings with its foreclosure actions.

69  If a lender was allowed to extinguish a borrower's right of rescission by proceeding with foreclosure despite notice of such, "the right of rescission would provide little or no effective remedy" – a concern that the Senate Banking, Housing, and Urban Affairs Committee made clear it sought to avoid in its initial report accompanying its amendments to the Truth-In-Lending Act. V*incent v. The Money Store*, 736 F.3d 88, 108 (2nd Cir. 2013)(citing S. Rep. No. 96-73, at 18 (1979), 1980 U.S.C.C.A.N. 280, 296*); see also Williams v. Homestake Mortg. Co.*, 968 F.2d 1137, 1140 (11th Cir. 1992) (rescission must maintain its vitality as an enforcement tool); *Ljepava v. M.L.S. C. Props, Inc.*, 511 F.2d 935, 944 (9th Cir. 1975)(courts should also consider "the legislative policy of full disclosure that underlies [TILA]"); *Palmer v. Wilson,* 502 F.2d 860, 862 (9th Cir.1974)); *cf. Williams,* 986 F.2d at 1140 (noting the goals of the statutory rescission process include placing the consumer in stronger bargaining position).

70  An injunction against the state court preventing any further harm to Plaintiff is appropriate at this time given Defendant's choice to ignore the Notice of Rescission and proceeding with the foreclosure of the mortgage.

**PRAYER**

WHEREFORE Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Defendants:

(a)  Issuing a temporary and permanent injunction enjoining the New York State Supreme Court, the Sheriff of Nassau County, and all other persons and governmental agencies

from entertaining or continuing any proceeding or motion for the possession of real property against the Plaintiff pending the final determination of the issues in this action;

(b) Declaring the mortgage on the Plaintiff's property was void as of the tendering of the Plaintiff's Notice of Intention to Rescind, ordering the Defendant to issue a Satisfaction of Mortgage of the subject mortgage capable of recordation in the public records;

(c) Returning the original Promissory Note to the Plaintiff, together with a Certificate of Discharge, in recordable form;

(d) A Declaratory Judgment of Quiet Title;

(e) Return Plaintiff's property to him;

(f) Return to the Plaintiff of all sums paid by him to any person involved in the mortgage financing, including, without limitation, all brokerage and closing cost;

(g) Awarding the Plaintiff damages for the harm caused by the Defendants' wrongful reporting of negative credit information to the credit bureaus,

(h) An award of punitive damages for the fraudulent inducement of the Plaintiff's to enter into this transaction in an amount to be determined at trial;

(i) An award of punitive damages for the harm done to the Plaintiffs as a result of the defendants' misrepresentations and fraud in the Factum;

(f) A declaration of what obligation, if any, Plaintiff has toward Defendant;

(g) Attorney's fees, litigation expenses and costs of suit; and,

(e) Such other and further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all matters so triable by a matter of right.

DATED:	Uniondale, New York
	June 24, 2016

											STEPHEN C. SILVERBERG, PLLC


											By *Stephen C. Silverberg*
											Stephen C. Silverberg, Esq.
											*Attorney for Plaintiffs*
											*RALPH G. POTENTE AND RICHARD J. JANKURA*
											 626 RXR Plaza
											Uniondale, New York 11556
											(516) 522-2575