UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RALPH G. POTENTE AND RICHARD J. JANKURA,

      Plaintiffs,

 -against-

CAPITAL ONE, N.A., GREENPOINT
MORTGAGE FUNDING, INC. and
NORTH FORK BANCORPORATION,,

      Defendants.
-------------------------------------------------------X

**MEMORANDUM & ORDER**

16-CV-3570(DRH)(AYS)

**APPEARANCES:**

**For Plaintiffs:**
Steven C. Silverberg, PLLC
626 RXR Plaza
Uniondale, N.Y. 11556
By; Stephen C. Silverberg, Esq.

**For Defendants:**
Burr & Forman LLP
420 North 20th Street, suite 3400
Birmingham, Alabama 35203
By: Rik S. Tozzi, Esq.
   Rachel B. Cash, Esq.

Knuckles, Komosinski & Manfro LLP
565 Taxter Road, Suite 590
Elmsford, New York 10523

**HURLEY, Senior District Judge:**

  Plaintiffs Ralph G. Potente and Richard J. Jankura (collectively "Plaintiffs") commenced this action against defendants Capital One, N.A. ("Capital One"), Greenpoint Mortgage Funding, Inc. ("Greenpoint") and North Fork Bancorporation ("NFB") (collectively "Defendants") asserting causes of action for (1) violation of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"); (2) "Fraud in the Factum"; and (3) "Appraisal Fraud." *See* Complaint. The relief

sought includes (a) "a temporary and permanent injunction enjoining the New York State Supreme Court, the Sheriff of Nassau County, and all other persons and governmental agencies from entertaining or continuing any proceeding or motion for the possession of real property against the Plaintiffs pending the final determination of the issues in this action"; (b) a declaration that "the mortgage on the Plaintiff's [sic] property was void as of the tendering of the Plaintiff's [sic] Notice of Intention to Rescind;" (c) an order directing "Defendants to issue a Satisfaction of Mortgage of the subject mortgage capable of recordation in the public records;" (d) the return of "the original Promissory Note to the Plaintiff [sic], together with a Certificate of Discharge, in recordable form;" (e) "a Declaratory Judgment of Quiet Title"; (f) the "Return Plaintiff's [sic] property to him [sic];" (g)"return to the Plaintiff[s] of all sums paid by him [sic]to any person involved in the mortgage financing, including, without limitation, all brokerage and closing cost;"; and (h) compensatory and punitive damages.

Presently before the Court is Defendants' motion to dismiss the complaint. For the reasons set forth below, the motion is granted.

## BACKGROUND

**I.    THE ALLEGATIONS OF THE COMPLAINT**

The following allegations are taken from the complaint ("Comp.").

In 2005, Plaintiffs signed a Note in the amount of $1,000,000.00 and secured by a mortgage on their residence at 47 Berry Hill Road, Oyster Bay, New York with Greenpoint.[1] (Compl. ¶¶ 5-7, 18.) It is alleged that Greenpoint falsified several material documents in connection with the loan. Specifically, the signature of Richard Jankura was "affixed" to the mortgage loan application as he asserts he never signed the application or the pre-closing

---

[1] According to the complaint, Greenpoint was acquired by NFB. Capital One acquired NFB, so that Capital One is now the holder of the note and mortgage. (Compl. ¶¶ 20-24.)

disclosure statement. Further, it is alleged that Greenpoint was not the true lender and the true lender was not disclosed. (*Id.* ¶¶ 28-30.)

In connection with the loan, Plaintiffs were informed by Greenpoint that the property was appraised in the amount of $2,300,000.00 but they were not given a copy of the appraisal. Based on that appraisal, Plaintiffs believed the loan "would have been well secured and agreed to borrow from Greenpoint the principal sum of $1,000,000.00 being 43% of the appraised value of the property." In July 2015, Plaintiffs discovered the appraisal was grossly inflated and that the actual fair market value of the property at the time of the loan was about $1,290,000. "The [a]ppraisal was inflated to justify the amount of the mortgage to the plaintiff[s'] underwriters, and to increase the Defendant's income and asset value on the Defendant's books. The result was an artificial inflation of the value of Defendant's corporate value, which led to a greater value for the sale of Defendant and the profit enjoyed by the shareholders of Defendants Greenpoint and [NFB]." (Compl. ¶¶ 6-10, 42.)

By letter dated June 17, 2015, Plaintiffs advised Capital One that they rescinded the indebtedness secured by the mortgage against the premises. Capital One did not respond. (*Id.* ¶¶ 32-34.)

## II. THE STATE FORECLOSURE ACTION

Capital One filed a complaint against Plaintiffs in the Supreme Court of Nassau County on or about March 16, 2016 seeking to foreclose the mortgage. (Def.s' Ex. A.) Plaintiffs filed an answer with counterclaims on or about May 17, 2016. ( Def.s' Ex. B.) The original answer to the state court action was not provided to this Court. However, the amended answer was; included in it are allegations of (1) fraud in the inducement because of (a) an inflated appraisal and (b) the misrepresentation of the true identity of the lender; (2) fraud in the factum due to changes not

encompassed in the Good Faith Estimate or Mortgage Commitment Letter; and (3) the violation of N.Y. Gen'l Bus. Law § 349 by refusing to disclose the real owner of the note as required by the Truth in Lending Act and Regulation Z. (*Id*. at ¶¶ 19-27, 30-38,41-45, 62-70 125-127.)

## DISCUSSION

### I. STANDARD OF REVIEW

#### A. Federal Rule of Civil Procedure 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). "In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." *Cunningham v. Bank of New York Mellon, N.A.,* 2015 WL 4101839, * 1 (E.D.N.Y. July 8, 2015) (citing *Morrison v. Nat'l Australia Bank, Ltd*., 547 F.3d 167, 170 (2d Cir. 2008)).

A motion to dismiss based on the abstention doctrine is analyzed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *United States v. Blake*, 942 F. Supp. 2d 285, 292 (E.D.N.Y. 2013); *City of New York v. Milhelm Attea & Bros., Inc*., 550 F. Supp. 2d 332 (E.D.N.Y. 2008). As such, the Court may considered materials beyond the pleadings to resolve a motion based on the abstention doctrine.

#### B. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action, a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give

rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.' " *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (quoting *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)); *see Weiss v. Village of Sag Harbor*, 762 F. Supp. 560, 567 (E.D.N.Y. 2011) (in deciding a motion to dismiss a court is entitled to consider, inter alia, "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference" and "documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint"). A document may be considered on a motion to dismiss where the plaintiff has "reli[ed] on the terms and effect of [the] document in drafting the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (emphasis omitted). Such reliance "is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id.*; *see Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (integral documents may include documents partially quoted in complaint or on which plaintiff relied in drafting complaint).

## II. THE CURRENT MOTION

Defendants assert a number of arguments in support of their dismissal motion. First, in view of the pending state foreclosure action this Court should abstain pursuant to the *Colorado River* doctrine. Second, the causes of action asserting the fraud in the factum and fraud in the inducement fail to state a claim. Third, the TILA claim is time-barred by the three year statute of limitations. Lastly, the request for an injunction is barred by the Anti-Injunction Act, 28 U.S.C. § 2283.

## II. ABSTENTION

### A. General Principles Governing *Colorado River* Abstention

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 813 (1976). The Second Circuit has characterized the abstention doctrine as "compris[ing] a few extraordinary and narrow exceptions to a federal court's duty to exercise its jurisdiction." *Woodford v. Community Action Agency of Green County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (internal quotation marks omitted). One such exception was announced in *Colorado River* wherein the Court announced that "while the [general] rule is that the pendency of an action in the state court is no bar to proceedings concerning the matter in the Federal court having jurisdiction" a court may abstain in order to conserve federal judicial resources where resolution of the state matter may result in "comprehensive disposition of the litigation." *Colorado River*, 424 U.S. at 817; *see Woodford*, 239 F.3d at 522.

The *Colorado River* abstention analysis begins with a determination of whether the concurrent proceedings are parallel; parallelism is a "necessary prerequisite." *Smulley v. Mutual of Omaha Bank*, 634 Fed. App'x 335, 337 (2d Cir. 2016) (citing *Dittmer v. County of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)). If the proceeding are parallel, then the following six factors should be considered.

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less convenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford*, 239 F.3d at 522 (internal citations omitted). "No one factor is necessarily determinative . . . . Only the clearest of justifications will warrant dismissal. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15–16 (1983) (quoting *Colorado River*, 424 U.S. at 818-19) (emphasis in *Moses H. Cone* omitted). "Where a *Colorado River* factor is facially neutral, that is a basis for retaining jurisdiction, not for yielding it." *Niagara Mohawk Power Corp v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 101 (2d Cir. 2012) (internal quotation marks omitted).

      B.      **Are the Actions Parallel?**

"Actions are 'parallel when substantially the same parties are contemporaneously litigating the same issue in another forum.'" *Smulley*, 634 Fed. App'x 335, 337 (2d Cir. 2016) (quoting *Niagara Mohawk*, 673 F.3d at 100); see *Dittmer v. County of Suffolk,* 146 F.3d 113, 118 (2d Cir. 1998) ("Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum") (internal quotation marks omitted); *United States v. Blake*, 942 F. Supp. 2d 285, 293 (E.D.N.Y. 2013) ("Cases are considered parallel when the main issue in the case is the subject of already pending litigation.") (internal quotation marks omitted). "Perfect symmetry of parties and issues is not required." *Blake*, 942 F. Supp. 2d at 297 (citations omitted). Abstention may be appropriate "notwithstanding the nonidentity of the parties" in cases where interests are "congruent." *Canaday v. Koch,* 608 F. Supp. 1460, 1475 (S.D.N.Y.), *aff'd*, 768 F.2d 501 (2d Cir. 1985).

A juxtapositioning of the claims in this action with the claims being litigated in the state foreclosure action makes apparent that substantially the same issues are involved. Both actions involve, inter alia, the validity of the mortgage, whether TILA was violated, whether the appraisal was inflated, and whether the true mortgagee was disclosed. As Capital One and

Plaintiffs are parties to the state foreclosure action, both conditions for parallelism have been met. That Greenpoint and NFB are not parties to the state foreclosure action is not determinative as their interests appear congruent with Capital One. (*See generally* n.1 *supra*.)

.         Plaintiffs' argument that the two actions are different because "[t]he Instant Action has at its core a demand for declaratory and injunctive arising from violation of TILA 15 U.S.C. § 1635 and related sections of the Code . . . while the State Court Action is a real property foreclosure action, albeit of a loan transaction that has been rescinded" (Pls.' Mem. at 6) is underwhelming. It is not necessarily the relief sought that determines whether actions are parallel.[2] Rather it is whether the two action involve the same issues. *See GBA Contracting Corp. v. Fid. & Deposit Co.*, 2001 WL 11060, at *1 (S.D.N.Y. Jan. 4, 2001) ("[T]he parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation."). Here, as noted above, the main issues are the same in both actions.

Having determined that the two actions are parallel, the Court will address the six-part balancing test.

### C.        Application of the Six-Part Balancing Test

#### 1.        Assumption of Jurisdiction Over Res

Jurisdiction over the res may be "dispositive" in a Colorado River analysis. *See FDIC v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999) (citing *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 589 (9th Cir. 1992) (per curiam) (holding that in an action concerning the disposition of property, "the first prong of the Colorado River abstention test is dispositive . . . [and] the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed")).

---

[2] Here the issues raised in the instant action were raised in the state court – but only as defenses, although they could have been asserted as counterclaims.

There is no assertion of jurisdiction over a res in this court and thus the state court's assertion over a res is not dispositive. However, given the congruency of the claims here and in the state court, the state court's assertion of jurisdiction over a res is the factor which counsels in favor of abstention. *See Sitgraves v. Federal Home Loan Mortgage Corp.*, 265 F. Supp. 3d 411, 414 (S.D.N.Y. 2017); cf. *Wenegieme v. Bayview Loan Servicing*, 2015 WL 2151822 (S.D.N.Y. May 7, 2015).[3]

### 2. Convenience of the Parties

The state foreclosure proceeding is pending in the New York State Supreme Court, Nassau County, which is just as convenient to the parties as this Court. Thus, this factor is neutral and favors retention of federal jurisdiction. *See Village of Westfield, N.Y. v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999).

### 3. Avoidance of Piecemeal Litigation

Avoidance of piecemeal litigation is of paramount importance in a *Colorado River* analysis. *See Moses H. Cone*, 460 U.S. at 16 (stating that "the most important factor in our decision to approve the dismissal [in *Colorado River* ] was the clear federal policy . . . of avoidance of piecemeal adjudication. ") (internal quotation marks and brackets omitted); *Arkwright–Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 211 (2d Cir. 1985) (noting that in the case before it, "the danger of piecemeal litigation is the paramount consideration"). This factor strongly favors abstention inasmuch as the state proceeding and this action revolve around the same core issues, including the validity of note and mortgage. As one

---

[3] Plaintiffs argument to the contrary is based upon the decision in *Burke v. Countrywide Mortgage Venture, LLC*, 2017 WL 3392488 (D. Haw. Aug. 7, 2017), which held that the first factor did not favor abstention as the federal plaintiff's claim for rescission or cancellation of the Note and Mortgage under TILA did not implicate the property in the state foreclosure action. That decision is not binding on this Court and conflicts with the above cited authority within the Second Circuit. Additionally, as Defendants note, the opinion in Burke "appears to be the minority opinion" (Defs.' Reply at 14), given that court's reference to contrary decisions in other districts.

court has stated, "This litigation over the enforcement of the note and mortgage belongs in the foreclosure action in the State Supreme Court. All of [plaintiff's] claims in the instant action have already been raised as defenses to [the] foreclosure claim in that State Action. Abstention from this action would avoid, rather than create, piecemeal litigation. *Sitgraves*, 265 F. Supp.3d at 414.

### 4. The Order in Which Jurisdiction was Obtained

The state foreclosure action was commenced only shortly before the filing of the instant action. The relative commencement dates are not determinative; rather, it is the relative progress of the cases that is considered. *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 211 (2d Cir.1985) (citing *Moses Cone,* 460 U.S. at 21-22).

Other than the filing of the instant motion, the docket of this case does not reflect any activity. In *Colorado River*, the Court found significant "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss." 424 U.S. at 820.

The parties provide conflicting reports as to the progress of the state court. Defendants report that "Plaintiffs have already answered the complaint and alleged various counterclaims against Capital One (to which Capital One has replied), and Capital One has propounded written discovery and issued deposition notices to both Plaintiffs in preparation for filing a motion for summary judgment." (Defs.' Mem. at 19.) Plaintiffs concede they served discovery demands in the foreclosure action but claim Capital One did not timely respond. As to the discovery served by Capital One in the foreclosure action, Plaintiffs concede receipt of "certain undated demands for discovery and a notice of deposition" but dispute their efficacy. (Pls.' Opp. Mem. at 10-11) In reply, Defendants are steadfast in their assertion that Capital One replied to the Amended

Answer and Counterclaims in the state court action, propounded written discovery and served responses to the written discovery propounded to it. (Defs.' Reply at 16-18.) This Court need not resolve the conflict regarding the status of the state court action as the lack of progress in this case weighs slightly in favor of abstention.

     5.     <u>Applicable Law</u>

The instant complaint contains both federal and state law claims, with only one cause of action based on federal law. Abstention is favored "where the bulk of the litigation would necessarily revolve around the state-law . . . rights of . . . parties." *General Reins. Corp. v. Ciba-Geigy Corp.*, 853 F.2d 78, 82 (2d Cir. 1988) (internal quotation marks omitted). Where, as here, the state law issues do not appear to be particularly complex or novel, the balance in favor of abstention is only slight. *First Keystone Consultants v. Schlesinger Elec. Contractors, Inc.,* 862 F. Supp.2d 170, 193 (E.D.N.Y. 2012). Normally, the presence of the federal claim pursuant to TILA[4] would weigh against abstention but only slightly as it is not within the exclusive jurisdiction of the federal courts. *See generally Niagara Mohawk*, 673 F.3d at 99 ("[T]he presence of a federal basis of jurisdiction may raise the level of justification needed for abstention . . . .") (internal quotation marks omitted); *Andrea Theatres, Inc. v. Theatre Confections, Inc*., 787 F.2d 59, 62 (2d Cir. 1986) (abstention inappropriate where federal claims within the exclusive jurisdiction of the federal courts are asserted). However, on balance, given that Plaintiffs herein interjected their TILA claim into the state court foreclosure proceeding under the guise of a N.Y. Gen'l Bus. Law § 349 claim, consideration of the applicable law slightly favors abstention.

---

[4] While Plaintiffs assert in their memorandum that there are "numerous" "matters of federal concern" in this case including "the Truth in Lending Act, the Fair Credit Reporting Act and issues of Due Process and Equal Protection" (Pls.' Men. At 13), in fact the only federal claim in the complaint is the based on TILA.

6. <u>Adequacy of State Procedures</u>

The last factor is whether "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28. To the extent Plaintiffs successfully defeat the State Court Action, they will have received relief that parallels the injunctive relief sought in this action. To the extent Plaintiffs seek damages, they may assert counterclaims in the State Court action for their recovery. *See Dosiak v. Town of* Brookhaven, 2017 WL 7048912, at *10 (E.D.N.Y. Nov. 27, 2017).Thus, this factor supports abstention.

7. <u>Conclusion as to Six-Part Balancing Test</u>

Upon consideration of the *Colorado River* factors, the Court concludes that this case falls within the "exceptional circumstances" warranting abstention and thus dismissal of this action without prejudice is appropriate.

**CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss pursuant to *Colorado River* is granted.[5] The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York         s/ Denis R. Hurley
       April 19, 2018        Denis R. Hurley
       United States District Judge

---

[5] The Court's decision on abstention obviates the need to address Defendants' remaining arguments.